By: Michael I. Assad (#338972023)
Law Office of Mike Assad, P.C.
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
609-808-3300
mike@assad.law
*Attorney for Plaintiff*

# United States Bankruptcy Court
# District of New Jersey

| | |
|---|---|
| In re: Tamara Arteal Murray, | Case No.: 26-18242-EJO |
| *Debtor*. | Adv. No.: 26-01342-EJO |
| Tamara Arteal Murray, | Chapter: 13 |
| *Plaintiff*, | Judge: O'Hagan |
| v. | |
| Santander Consumer USA Inc., | |
| *Defendant*. | |

**Plaintiff's Application for an Order to Show Cause Why a Preliminary Injunction Should Not Issue Compelling Santander Consumer USA Inc. to Turn Over the Plaintiff's 2018 Mercedes-Benz C-Class, VIN WDDWF4KBXJR387884, with Temporary Restraints Prohibiting its Sale, Transfer, or Movement Pending the Hearing**

Plaintiff Tamara Arteal Murray, through her attorney, applies under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065 for an order to show cause why a preliminary injunction should not issue compelling Defendant Santander Consumer USA Inc. (the "Creditor") to turn over her 2018 Mercedes-Benz C-Class, VIN WDDWF4KBXJR387884 (the "Vehicle"), with temporary restraints prohibiting its sale, transfer, or movement pending the hearing. The application rests on the Verified Complaint, the Certification of Tamara Arteal Murray, and the following grounds:

1. This application asks the Court to preserve the status quo: to prohibit the Creditor from selling, transferring, or moving the Vehicle until the Court decides, at the show-cause hearing, whether to compel its return.

2. Because the Plaintiff is a debtor in this bankruptcy case, no security is required.

3. The Plaintiff is likely to succeed on her turnover claim. The Vehicle is property of the estate: the prepetition repossession did not extinguish the Plaintiff's right of redemption, and the Creditor never disposed of the Vehicle before the petition was filed. The Vehicle is insured, usable by the Plaintiff, and of consequential value to the estate, because it is the means by which she will secure the employment that funds her plan.

4. The Plaintiff is also likely to succeed on her stay violation claim. With actual knowledge of the petition, and the day after agreeing to release the Vehicle, the Creditor transported the Vehicle into an auction stream. (V. Compl. ¶¶ 44–56; Murray Cert. ¶¶ 9–11.) That was an affirmative post-petition act to exercise control over property of the estate, to enforce a lien, and to collect a prepetition debt.

5. The potential harm is irreparable for three independent reasons. First, a sale at auction would permanently extinguish the Plaintiff's right to redeem the Vehicle and to retain it through her chapter 13 plan, a statutory entitlement no later damages award can restore. Second, the Plaintiff is unemployed, cannot purchase or finance a substitute vehicle, and needs transportation now to secure the employment that will fund her plan; a money judgment entered months from now cannot provide that. Third, the risk is concrete and immediate: the Vehicle sits in an auction pipeline, its tracker has gone silent, and the Plaintiff does not know where it is. (Murray Cert. ¶ 11.)

6.      The equities and the public interest favor relief. The temporary restraints require the Creditor only to refrain from disposing of property that the automatic stay already protects. A creditor is not harmed by an order directing it to obey the stay, and the public interest lies in the stay's enforcement and in chapter 13 debtors retaining the property necessary to reorganize.

7.      The Vehicle remains in the Creditor's possession, custody, or control.

8.      No prior application for the relief sought herein has been made to this Court or any other court.

**FOR THOSE REASONS**, the Plaintiff requests that the Court enter the proposed Order to Show Cause, and grant such other and further relief in her favor as may be necessary and proper under the law.

Date: July 23, 2026                              **LAW OFFICE OF MIKE ASSAD, P.C.**
                                                 *Attorney for Plaintiff*

                                                 By: _____
                                                     Michael I. Assad